NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUMBERTO LEMUS-URIAS, | No. 15-73933 |
| Petitioner, | Agency No. A205-311-767 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

Humberto Lemus-Urias, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for withholding of

removal and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v.*

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

We do not consider Lemus-Urias's claim regarding his proposed social group of "Christian males who has taken concrete steps to oppose gangs and gang violence" because the BIA did not decide the issue, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and Lemus-Urias does not contend the BIA erred in finding that this proposed social group was not properly before it, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Substantial evidence supports the agency's determination that Lemus-Urias failed to establish that his past harm rose to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (persecution is an "extreme concept" that includes the "infliction of suffering or harm"). Lemus-Urias does not challenge the BIA's determination that his social group of those opposed to gang recruitment or resistant to recruitment was not cognizable, *see Corro-Barragan*, 718 F.3d at 1177 n.5, and substantial evidence supports the agency's determination that Lemus-

Urias otherwise failed to demonstrate a nexus between the harm he fears in Guatemala and a protected ground, *see Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Lemus-Urias' withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Lemus-Urias failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**